BYRNES, Judge.
Defendant-Appellant, Henry Talley was charged by Bill of Information with possession of pentazocine in violation of LSA-R.S. 40:967. On June 10, 1981, a unanimous six member jury found the defendant guilty as charged. He was found to be a multiple offender and sentenced to ten ^years at hard labor. Defendant brings this appeal contending that the trial court erred by imposing an unconstitutionally excessive sentence.
FACTS
On February 19, 1981 the defendant was observed allegedly selling narcotics at the corner of Orleans and Prier Streets in New Orleans. When the two police officers, who had been watching appellant for forty-five minutes to one hour, approached him he ran into a nearby grocery store where he was apprehended. As they approached the patrol car the defendant began choking and spit up a tin foil packet containing “T’s and Blues”. Talley then fainted and an ambulance was called. He was taken to Charity Hospital where his stomach was pumped but no other narcotics could be detected.
SENTENCE
Appellant contends that his sentence of ten years at hard labor is unconstitutionally excessive. He argues that the trial judge failed to disclose any reasons for the severe sentence and failed to properly consider the sentencing guidelines as required by C.Cr.P. Art. 894.1.
The sentence in question herein is the maximum which could have been given a double offender under R.S. 40:967 prior to its amendment in 1982. It is well settled that a sentence may be considered excessive although it is within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). It is equally well settled that the trial court must consider the guidelines of C.Cr.P. Art. 894.1 and articulate reasons for imposing a maximum sentence. State v. Oubichon, 422 So.2d 1140 (La.1982).
In the case at bar, the defendant was convicted as a multiple offender. He was convicted of the same offense approximately one year prior to being arrested in 1981. As that was' his first offense he was placed on probation. The trial court considered these facts when sentencing the defendant.
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.
WARD, J., dissents with reasons.