564 So.2d 1328 (1990)
STATE of Louisiana
v.
James E. CRYER, Jr.
No. 89-KA-0765.
Court of Appeals of Louisiana, Fourth Circuit.
July 17, 1990.
*1329 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty. and Richard Olsen, Asst. Dist. Atty., New Orleans, for appellee.
Before GARRISON, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Defendant, James E. Cryer, Jr., was charged and convicted of attempted simple burglary, a violation of LSA-R.S. 14:27 and 14:62. He pled guilty to the multiple bill filed against him, and the trial judge sentenced him to serve three years at hard labor under the habitual offender statute. Defendant appeals his conviction.

Facts
At 11:30 p.m. on the evening of June 18, 1988, as Fred Goldman sat on the porch of a friend's house, he noticed someone, later identified as the defendant, riding a bicycle back and forth past his car. Goldman had deliberately parked under a street light as he was leaving town on business and had many possessions in his car. Goldman heard a crash coming from the rear of his car and saw the defendant leaning into the car from the rear driver's side. Goldman immediately ran down the street, screaming at the defendant to stop. The defendant looked up, saw Goldman, then got on his bicycle and fled the scene. Goldman chased him on foot for about one and onehalf blocks, then gave up and called police.
Proceeding on a detailed description, the police officers responding to the call rode the area and observed the defendant outside Kinko's Copies about a mile away from the incident, sitting on his bicycle, and wearing clothing which fit the description given by the victim. They detained the defendant on suspicion of auto burglary. The officers then took him to the place where the victim had relocated and shined a flashlight into the back seat of the car so that the victim could see him. The victim positively identified the defendant. The police then brought the victim to the rear of the car and let him view the bicycle, which he also positively identified.
The defendant testified on his own behalf, that he had been inside Kinko's Copies looking for work, not burglarizing a vehicle. A woman at Kinko's informed the police that the defendant had inquired about work, but there was no testimony as to when he got there or how long he had been there.

Errors Patent Review
A review of the record for errors patent reveals there are none.

Assignments of Error
In his first assignment of error, defendant contends it was prejudicial error to deny the Motion to Suppress the Identification and allow the introduction of evidence relative to the out-of-court identification.
When considering the constitutionality and admissibility of an out-of-court identification procedure, we must first make a determination of whether the police used an impermissibly suggestive procedure in obtaining the out-of-court identification. Secondly, if the procedure was impermissibly suggestive, we must determine whether it gave rise to a substantial likelihood of irreparable misidentification. Manson v. Braithwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
One-on-one confrontations between a suspect and a victim are permissible when justified by the overall circumstances, particularly when the accused was apprehended within a short period of time after the crime was committed, and returned to the scene of the crime. State v. *1330 Bickham, 404 So.2d 929 (La.1981); State v. Tally, 446 So.2d 455 (La.App. 4th Cir.1984)
Further, the United States Supreme Court enunciated a five factor test in determining whether an identification is reliable: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the identification. Manson v. Braithwaite, supra; Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
In the present case, the identification was obtained approximately one hour after the crime and the defendant was arrested approximately one mile from the scene and taken to a third location, in the same general vicinity for identification.
The victim in this case had little opportunity to view the facial features of the perpetrator at the time of the crime. He did, however, give a detailed description of the perpetrator's clothing and bicycle. The accuracy of the clothing description is borne out by the testimony of the officers who detained the defendant based primarily on his clothing description. Although defense counsel suggests on appeal that the state's failure to introduce the defendant's clothing precludes any consideration of the accuracy of the clothing description, the detailed testimony of the victim as to the clothing worn by the perpetrator and the testimony of the arresting officer as to the defendant's clothing at the time of his arrest constitute valid evidence which may be considered by the trier of fact and the reviewing court. The defendant's bicycle, though mistakenly described as black on the police report, was chrome or silver in color and was produced in court for the jury to determine the accuracy of the description as to the bicycle. The witness' degree of attention was considerable as evidenced by his detailed clothing description, his level of certainty at the identification was positive, and the time lapse between the crime and the identification was brief.
This assignment lacks merit.
In his second assignment of error, the defendant contends that the state failed to prove the requisite intent and failed to prove by a valid identification that the defendant was the perpetrator.
When assessing the sufficiency of evidence to support a conviction, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306, 310 (La.1982). In addition, an element of the offense proven by circumstantial evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. However, specific intent to commit a theft may be inferred from circumstances. State v. Robinson, 544 So.2d 444 (La.App. 4th Cir.1989), writ den. 550 So.2d 626 (1989).
In the present case, defendant passed back and forth several times in front of the victim's car. Goldman heard the crash and saw defendant leaning into the vehicle through the broken window. The circumstantial evidence is sufficient to infer the intent to commit a theft. The defendant has suggested no other reasonable hypothesis.
As to the sufficiency of the identification claim, defendant fails to prove that the one-on-one identification procedure gave rise to a substantial likelihood of irreparable misidentification. It was properly admitted for consideration by the jury and was sufficient for a reasonable trier of fact to conclude that the defendant was the perpetrator.
This claim is without merit.
For the above stated reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.