JAMES F. MCKAY III, Chief Judge.
|,J.D. was charged by petition with one count of theft of Black Beats headphones and a Samsung tablet valued at greater than or equal to one thousand dollars. On April 22, 2014, the Orleans Parish Juvenile Court adjudicated J.D. delinquent for the offense of misdemeanor theft. The written judgment provides that J.D. was adjudicated delinquent of theft pursuant to La. R.S. 14:67. However, the judgment is silent as to the grade of theft.
J.D. was committed to the Department of Public Safety and Corrections for six (6) months. The sentence was suspended, and J.D. was placed on one (1) year of inactive probation. For the reasons set forth below, we affirm and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
At the adjudication hearing, the trial court heard testimony from one witness, Deputy George West (“Deputy West”) with the Orleans Parish Sheriffs Office. Deputy West stated that on July 7, 2014, he was assigned to the James Singleton Charter School in New Orleans to provide security. On that date, Deputy West and Deputy S. Reddick responded to a theft call from the school, wherein a student 12reported items missing from his gym bag while playing basketball. The deputies, the victim, and a school staff member watched the school’s surveillance video from the time in question. Deputy West testified that the victim identified J.D. as the individual seen on the video taking his gym bag. J.D.’s mother was called to the school to view the video. J.D. was not present at this time. At the request of Deputy West, J.D.’s mother brought J.D. *729 back to the school. Deputy West stated that when J.D. arrived, the situation was explained to him, and J.D. confessed to the theft in the presence of his mother. When asked where the items were, J.D. stated that he sold the headphones for thirty (30) dollars. Deputy West gave no testimony regarding the Samsung tablet, which was the other item allegedly missing from the victim’s gym bag. Deputy West testified that the statements made by J.D. were not referenced in the police report.
Deputy West was asked to testify as to what he saw on the surveillance video. Defense counsel objected on the basis that the video was not made available to view at trial. Deputy West stated that the video he reviewed for the trial did not show the incident in question. Thus, it was not the same footage viewed by Deputy West at the school. The objection was overruled.
Deputy West testified that the video he viewed at the school showed the victim playing basketball and J.D. standing around watching. He could see J.D. pick up a bag; walk towards a bench area; stand there a few seconds; and then leave without the bag. This testimony differed somewhat on cross-examination, where Deputy West stated that he observed J.D. carrying a school bag; pick up the Rgym bag identified by the victim; and leave with two bags. This discrepancy was not questioned.
Following the testimony of Deputy West, the trial court rendered judgment from the bench, adjudicating J.D. delinquent of “theft of property having a value of $300.00 or more, but less than $500.00.” The written judgment provides that J.D. was adjudged delinquent of theft in violation of La. R.S. 14:67, but it does not indicate the grade of theft.
STANDARD OF REVIEW
In State in the Interest of J.J., 2013-0548, pp. 2-3 (La.App. 4 Cir. 9/25/13), 125 So.3d 1248, 1250, this Court recently reiterated the appellate standard of review in juvenile cases as follows:
In order to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch.C. art. 883. The standard for the State’s burden of proof in a juvenile delinquency proceeding is “no less strenuous then the standard of proof required in a criminal proceeding against an adult.” State in the Interest of J.W., p. 3 (La.App. 4 Cir. 6/6/12), 95 So.3d 1181, 1184. As a court of review, we grant great deference to the juvenile court’s factual findings, credibility determinations, and assessment of witness testimony. State ex rel. W.B., 2008-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State in the Interest of T.E., 2000-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard of review is applicable in juvenile delinquency cases. Id.
In addition, La. Const, art. V, § 10(B) mandates that an appellate court review both law and facts when reviewing juvenile adjudications. “While delinquency proceedings may in many ways | implicate criminal proceedings, sometimes even mimicking them, they are nonetheless civil in nature.” State in the Interest of D.R., 2010-0405, p. 5 (La.App. 4 Cir. 10/13/10), 50 So.3d 927, 930. (Emphasis in the original). There *730 fore, as in the review of civil cases, a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong. State in Interest of K.G., 2011-1559, p. 4 (La.App. 4 Cir. 3/21/12), 88 So.3d 1205, 1207, citing State in the Interest of Batiste, 367 So.2d 784 (La. 1979); State ex rel. E.D.C., 39,892 (La. App. 2 Cir. 5/11/05), 903 So.2d 571; State in the Interest of S.S., 557 So.2d 407 (La.App. 4 Cir.1990). In sum, we apply the “clearly wrong-manifest error” standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt.
LAW AND ANALYSIS
J.D. asserts four assignments of error: 1) The trial court erred in permitting Deputy West to testify as to the contents of the video when the video was not produced at trial; 2) The State failed to offer evidence that J.D.’s statements were made freely and voluntarily with the benefit of Miranda[1] warnings; 3) Trial counsel was ineffective for failing to suppress J.D.’s statements and failing to object to the introduction of the statements at trial; and 4) The judgment does not reflect the grade of the offense.

Assignment of Error No. 1:

J.D. argues that the trial court erred in permitting Deputy West, over the objection of defense counsel, to testify as to the content of the surveillance video, which was not produced at trial. J.D. submits that this action denied him the right of confrontation in violation of both the Sixth Amendment of the United States Constitution and the confrontation clause set forth in La. Const. Art. I, § 16.
IsThe Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution the right to be confronted with the witnesses against him. The confrontation clause of the Louisiana Constitution specifically and expressly guarantees the accused the right “to confront and cross-examine the witnesses against him.” La. Const. Art. I, § 16. See also State v. Robinson, 2001-0273, (La.5/17/02); 817 So.2d 1131, 1135. Confrontation not only means the ability to confront the witnesses physically but also to secure for the opponent the opportunity of cross-examination, which is its main and essential purpose. Id.
In the present case, Deputy West testified that he viewed the video in the presence of the victim, a school staff member, and J.D.’s mother. He stated that the video showed J.D. taking the victim’s bag. It is evident from the record that Deputy West was thoroughly cross-examined by defense counsel as to what he saw on the video. Certainly a video of the incident would have been helpful evidence. However, under the circumstances, its unavailability does not create a Confrontation Clause issue where full cross-examination occurred and the trial court heard testimony from the investigating officer.
J.D. further argues in this assignment of error that to prove the content of the video, the State was required to present the original video pursuant to La. C.E. art. 1002. We disagree.
While La. C.E. art. 1002 requires the original document to prove the contents therein, under La. C.E. art. 1004(1), the original of a writing, recording or photograph is not always required to prove its contents, and other evidence of the con *731 tents of a writing, recording or photograph is admissible if all originals are lost Ror have been destroyed, unless the proponent lost or destroyed them in bad faith. See State v. Sartain, 98-0878, (La.App. 4 Cir. 12/1/99), 746 So.2d 837, 848. The “best evidence” rule is to be applied sensibly and with reason. State v. Gaskin, 412 So.2d 1007, 1011 (La.1982). Absent a showing of prejudice to the defendant, a conviction will not be reversed on the ground that the best evidence was not produced. Id. The “best evidence” rule does not mandate production of an original taped statement when testimony shows that the original is not available and there is no bad faith by the State. State v. Sartain, supra at 848.
Here, it is undisputed that the video of the incident in question was not available at trial, and the record does not suggest bad faith on the State’s part. Also, as previously stated, J.D. had the opportunity to cross-examine Deputy West at trial. Thus, we find that J.D. failed to prove any prejudice suffered as a result of the original video not being produced. This assignment of error lacks merit.

Assignment of Error No. 2.

J.D. asserts that the State failed to offer evidence that his statements were made freely and voluntarily with the benefit of Miranda warnings. Thus, J.D. submits that the admission of the statements was erroneous.
At the outset we note that J.D. failed to file a motion to suppress the statements and never raised this issue during his trial. Louisiana courts have long held a defendant may not raise new grounds for suppressing evidence on appeal that he did not raise at the trial court in a motion to suppress. State v. Butler, 2012-2359, p. 4-5 (La.5/17/13), 117 So.3d 87, 89 (citing State v. Montejo, 2006-1807, p. 22 (La.5/11/10), 40 So.3d 952, 967-68). La. C.Cr.P. art. 703F provides that “[f]ailure to file a motion to suppress evidence in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits 17on a ground assertable by a motion to suppress.” A defendant cannot avail himself of an alleged error unless he made a contemporaneous objection at the time of the error. La.C.Cr.P. art. 841(A), See State v. Martin, 2013-0115, p. 8 (La.App. 4 Cir. 12/4/13), 131 So.3d 121, 127.
Because the admissibility of J.D.’s statements was not objected to in the trial court, this issue has not been preserved for appeal. Accordingly, this assignment of error has no merit.

Assignment of Error No. 3

In this assignment of error, it is argued that defense counsel was ineffective in failing to move for the suppression of J.D.’s statements and in failing to object to their introduction at trial. J.D. submits that his defense counsel should have objected to the admissibility of the statements, given the fact that they were made in a custodial environment without the benefit of Miranda warnings.
The general rule is that an ineffective assistance of counsel claim is more appropriately raised in an application for post-conviction relief than on appeal. State v. Brown, 2012-0626, p. 12 (La.App. 4 Cir. 4/10/13), 115 So.3d 564, 572, 573 (citing State v. Leger, 2005-0011, p. 44 (La.7/10/06), 936 So.2d 108, 142). The exception is when the record on appeal contains sufficient evidence to permit the appellate court to decide the issue, and the issue properly is raised by an assignment of error. Id. Under these circumstances, an appellate court may consider the issue in the interest of judicial economy. Id.
To support a claim for ineffective assistance of counsel, a defendant must show *732 that counsel’s performance was deficient and that he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337 |s(on rehearing). The defendant must prove both elements to establish that his attorney was so ineffective as to require reversal. State v. Hongo, 96-2060, p. 5 (La.12/2/97), 706 So.2d 419, 422. Counsel’s performance is ineffective when it is shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed by the Sixth Amendment. Strickland at 686, 104 S.Ct. at 2064.
Here, J.D. maintains that his counsel failed to object to the statements that he made while in custody and without the benefit of Miranda warnings. It is well recognized that the prosecution may not use a statement, whether exculpatory or inculpatory, stemming from custodial interrogation of a defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. State v. Hunt, 2009-1589 (La.12/1/09), 25 So.3d 746, 750, n. 2 (citing Miranda, supra). The constitutional privilege against self-incrimination and the right to counsel apply equally to juveniles and adults. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); State in the Interest of D.J., 2001-2149, p. 10 (La.5/14/02), 817 So.2d 26, 30.
In State v. Hankton, 2012-0466, p. 13 (La.App. 4 Cir. 4/30/14), 140 So.3d 398, 407, this Court stated:
The obligation to provide Miranda warnings attaches only when a person is questioned by law enforcement after he has been taken “into custody or otherwise deprived of his freedom of action in any significant way.” Miranda, supra, 384 U.S. at 444, 86 S.Ct. at 1612 (1966). Custody is decided by two distinct inquiries: an objective assessment of the circumstances surrounding the interrogation to determine whether there is a formal arrest or restraint on freedom of the degree associated with formal arrest; and, second, an evaluation of how a reasonable person in the position of the interviewee would gauge the breadth of his freedom of action. Stansbury v. California, 511 U.S. 318, 322, 114 S.Ct. 1526, 1529, 128 L.Ed.2d 293 (1994), (citing California v. Beheler, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983) (per curiam)); State v. Manning, 03-1982, p. 24 (La.10/19/04), 885 So.2d 1044, 1074 (citations omitted).
In J.D.B. v. North Carolina (2011), — U.S. -, 131 S.Ct. 2394, 180 L.Ed.2d 310, the United States Supreme Court addressed custody determinations for purposes of requiring Miranda warnings in juvenile cases. In that case, the Court held that a child suspect’s age, when known to the interrogating officer or objectively apparent to a reasonable officer, is relevant to the determination whether, considering all the objective circumstances of an interrogation, a reasonable person in the suspect’s position would understand his freedom to terminate police questioning and leave. Id. at 2406. The Court further noted that “[i]n the specific context of police questioning, events that ‘would leave a man cold and unimpressed can overawe and overwhelm1 a’ teen.” Id. at 2397 (citing Haley v. Ohio, 332 U.S. 596, 599, 68 S.Ct. 302, 92 L.Ed. 224 (1948)).
In the present case, at Deputy West’s request, J.D.’s mother brought him to the school, thus limiting J.D.’s control over being there and rendering his presence ostensibly involuntary. Once present, J.D. was confronted and questioned by Deputy West, an officer with the Orleans Parish Sheriffs Office. J.D. confessed. Bearing this in mind, at fifteen years of age, a *733 reasonable juvenile in J.D.’s position would, in all likelihood, be intimidated and overwhelmed. Thus, the evidence tends to suggest that a reasonable fifteen-year-old would believe that his freedom of movement had been significantly restricted.
The facts presented here weigh in favor of a finding that J.D.’s statements were made during a custodial interrogation without the benefit of Miranda warnings. Thus, there is some merit in J.D.’s assertion that defense counsel acted deficiently in failing to file a motion to suppress J.D.’s statements and in failing to |10object to their introduction at .trial. However, the limited record before us does not adequately provide a basis for assessing the adequacy of the representation provided by defense counsel. Accordingly, we find that a review of the claim of ineffective assistance of counsel is better reserved for post-conviction relief, which allows for a full evidentiary hearing thereby creating an adequate record for appellate review.

Assignment of Error no. 4

In his final assignment of error, J.D. asserts, and the State agrees, that the record reflects a patent error in that the written judgment does not state the grade of the offense pursuant to La. R.S. 14:67. This assignment of error has merit.
On the record, the juvenile judge specifically found J.D. guilty of misdemeanor theft. The written judgment provides that J.D. was adjudicated delinquent for theft, but fails to reflect the grade of theft. Thus, the judgment must be amended to reflect the misdemeanor status of the offense.
CONCLUSION
For the foregoing reasons, we affirm J.D.’s adjudication and disposition. We remand the matter to the juvenile court for the sole purpose of amending the judgment to reflect the misdemeanor status of the adjudication pursuant to La. R.S. 14:67.. J.D.’s claim of ineffective assistance of counsel is relegated to post-conviction relief.
AFFIRMED AND REMANDED
JENKINS, J., Dissents and Assigns Reasons.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).