Judge Rosemary Ledet
In this delinquency appeal, the juvenile, W.S.,[1] seeks review of his adjudication and sentence for misdemeanor theft. For the reasons that follow, we affirm the adjudication and sentence, but we remand for an amendment of the judgment of disposition.
STATEMENT OF THE CASE AND FACTS
In mid-June 2016, A.B. bought her 16-year-old developmentally disabled grandson, K.B., a $99 bicycle from Wal-Mart. On June 26, 2016, while riding his bicycle, K.B. was approached by W.S. K.B. was acquainted with W.S. from playing sports together. W.S. asked to "see" the bicycle; and K.B. agreed, but instructed W.S. to "come back" with it. W.S. then took the bicycle, quickly rode away, and never returned.
Shortly thereafter, K.B.'s mother and grandmother, who were riding together in a vehicle, observed K.B. standing alone at the corner of Claiborne Avenue and Laharpe Street. K.B.'s grandmother noticed that K.B. did not have his bicycle. The women stopped and asked K.B. where his bicycle was. K.B. responded that W.S. had taken it. After unsuccessfully attempting to locate W.S., they reported the theft to the police.
On August 7, 2016, K.B. saw W.S. walking along Dumaine Street. K.B. called his mother, and she came to meet him. The two followed W.S. a short distance and *1062 then called the police. When the police arrived, K.B.'s mother provided the police a description of W.S. Shortly thereafter, the police found W.S. (who was about a block away) and arrested him. While in custody, W.S. stated to an officer that K.B. had allowed him to borrow the bicycle and that, because the tires went flat, he had "left it at the corner."
On August 1, 2017, the State filed a delinquency petition, alleging that, on June 26, 2016, W.S. had committed theft of a bicycle belonging to K.B. valued at less than $500. On August 16, 2017, W.S. entered a denial; and the case was set for an adjudication hearing.
On November 2, 2017, the juvenile court conducted the adjudication hearing. At the conclusion of the hearing, the juvenile court adjudicated W.S. delinquent and set the case for a disposition hearing. On November 29, 2017, the juvenile court conducted the disposition hearing. At the conclusion of the hearing, the juvenile court imposed a suspended six-month sentence, six months of active probation, and restitution in the amount of $99.
ERRORS PATENT
We have reviewed the record for errors patent and found one. While the judgment of disposition reflects that W.S. was adjudicated delinquent for theft, the judgment does not reflect the grade of the offense. See State in Interest of J.D. , 14-0551, p. 10 (La. App. 4 Cir. 12/3/14), 154 So.3d 726, 733 (finding the failure of a judgment of disposition to reflect the grade of offense to be error patent). The remedy for such error is remand for amendment of the judgment. Id. We do so here.
DISCUSSION
In his sole assignment of error, W.S. contends that the evidence is insufficient to support his conviction for misdemeanor theft. Although juvenile delinquency proceedings are not criminal in nature, due process requires that the State prove every element of the charged offense beyond a reasonable doubt. In re Winship , 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Due process also requires that the sufficiency of the evidence adduced at trial be reviewed under the well-settled standard announced in Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In State v. Brown , 12-0626, pp. 6-8 (La. App. 4 Cir. 4/10/13), 115 So.3d 564, 570-71, we set forth the standard as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; State v. Green , 588 So.2d 757 (La. App. 4th Cir. 1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall , 523 So.2d 1305 (La. 1988). The reviewing court must consider the record as a whole. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Id. at 1310. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith , 600 So.2d 1319, 1324 (La. 1992).
*1063 When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro , 431 So.2d 372 (La. 1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from the Jackson reasonable doubt standard; rather, it is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright , 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs , 504 So.2d 817 (La. 1987).
In juvenile proceedings, the Jackson standard defines the minimum review required by the Due Process clause of the United States Constitution. Louisiana law imposes a broader standard of review. See State ex rel. D.R. , 10-0405, p. 14 (La. App. 4 Cir. 10/13/10), 50 So.3d 927, 935 (observing that "a child adjudicated a delinquent in Louisiana is entitled to a broader scope and standard of review than the minimum required by the Due Process clause"). Consistent with the understanding that juvenile delinquency proceedings are civil in nature, Louisiana courts review the sufficiency of the evidence in juvenile cases under a hybrid of the Jackson standard applied in criminal cases and the manifest-error standard applied in civil cases. See State in Interest of M.B. , 16-0819, pp. 7-8 (La. App. 4 Cir. 4/19/17), 217 So.3d 555, 562 ("As a result of juvenile delinquency determinations being civil in nature, both the Jackson standard and the manifest-error standard work together to provide juveniles with constitutionally adequate appellate review.") Accordingly, we must determine whether, viewing all of the evidence in the light most favorable to the State, the district court committed clear error in finding that the State proved beyond a reasonable doubt that W.S. committed misdemeanor theft.
Theft is "the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations." La. R.S. 14:67(A). The specific intent to permanently deprive is an essential element of the offense. Id. (proving that "[a]n intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential"); see also State v. Eason , 460 So.2d 1139, 1145 (La. App. 2d Cir. 1984) (observing that "[a]n essential element of the crime of theft is a specific intent to permanently deprive the victim of his property"). Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1).
At trial, K.B. testified that, although he had given W.S. permission to ride his bicycle, he had instructed W.S. to "come back" with it. Instead, K.B. further testified, W.S. took K.B.'s bicycle, quickly rode away with it, and never returned. This evidence was sufficient to allow the juvenile court to find a taking by fraudulent conduct and to infer the specific intent to permanently deprive; thus, under Jackson , this evidence was sufficient to support W.S.'s adjudication for theft.
Nonetheless, W.S. argues that the juvenile court committed manifest error in finding a taking because "the testimony clearly established [that] W.S. asked to ride the bike and [that] K.B. gave him permission to do so." That K.B. initially *1064 consented to W.S. borrowing the bicycle, however, is immaterial. "Theft under La. R.S. 14:67 is not limited to situations in which a defendant has the intent to defraud at the time he takes possession; it also includes a defendant's 'misappropriation' by fraudulent conduct of what is already in his possession." State v. Biddy , 13-0356, pp. 13-14 (La. App. 4 Cir. 11/20/13), 129 So.3d 768, 777 (citing State v. Frost , 11-1658, p. 8 (La. App. 4 Cir. 9/5/12), 99 So.3d 1075, 1079-80 ). "[T]he timing of a defendant's intent to deprive permanently is inconsequential, and the inquiry into that intent should focus only on whether such an intent was actually formed." Frost , 11-1658 at p. 10, 99 So.3d at 1081 (citing State v. Pellerin , 118 La. 547, 43 So. 159, 161 (1907) ). "[A] defendant can form an intent to steal after taking possession of property through honest means." Frost , 11-1658 at p. 9, 99 So.3d at 1080 (citing State v. Hayes , 01-3193, p. 7 (La. 1/28/03), 837 So.2d 1195, 1199 ).
W.S. also argues that the juvenile court committed manifest error in finding that W.S. ever formed the specific intent to permanently deprive K.B. of the bicycle. Specific intent to commit a theft may be inferred from circumstances. State v. Cryer , 564 So.2d 1328, 1330 (La. App. 4th Cir. 1990).
The evidence in this case established that, despite being told to "come back," W.S. failed to do so. Indeed, the evidence at trial also established that during the month and a half between taking the bicycle on June 26, 2016, and his arrest on August 7, 2016, W.S. never returned the bicycle to K.B. To the contrary, defense counsel elicited from the arresting officer W.S.'s statement that, rather than returning the bicycle to K.B., W.S. abandoned it because the tires became flat. In light of this evidence, the juvenile court's inference that W.S. had the specific intent to permanently deprive K.B. of the bicycle was not clearly erroneous. This assignment of error is without merit.
DECREE
For the foregoing reasons, the adjudication and sentence are affirmed and the case is remanded to the juvenile court for the purpose of amending the judgment of disposition.
AFFIRMED AND REMANDED

Pursuant to Uniform Rules-Courts of Appeal, Rule 5-2, we use initials throughout this opinion to preserve confidentiality of the juvenile, the victim, and the witnesses.