STATE OF LOUISIANA IN
THE INTEREST OF A.B.

*     NO. 2025-CA-0595

*     COURT OF APPEAL

*     FOURTH CIRCUIT

*     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2024-204-04-DQ, "SECTION C"
Honorable Candice Bates Anderson, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *
(Court composed of Judge Karen K. Herman, Judge Nakisha Ervin-Knott, Judge
Monique G. Morial)

Justin Caine Harrell
LOUISIANA APPEALS AND WRIT SERVICE
1100 Poydras Street
Suite 2900
New Orleans, LA 70163

      COUNSEL FOR APPELLANT, A.B.

Jason R. Williams
ORLEANS PARISH DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
Zachary M. Phillips
ASSISTANT DISTRICT ATTORNEY
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLEE, STATE OF LOUISIANA

**REVERSED AND MODIFIED; REMANDED**
**DECEMBER 17, 2025**

KKH
NEK
MGM

The juvenile in this matter, A.B.,[1] appeals the April 28, 2025 judgment of the Orleans Parish Juvenile Court adjudicating him delinquent of one count of simple arson and one count of simple burglary.  A.B. also appeals the July 29, 2025 judgment placing him on active probation for a period of twelve months.  For the reasons that follow, we reverse the delinquency adjudication and disposition for simple arson and simple burglary and enter an adjudication for unlawful entry of a place of business.  The matter is remanded for resentencing on that offense.

**STATEMENT OF FACTS AND PERTINENT PROCEDURAL HISTORY**

A.B. appeared in court for a continued custody hearing on July 22, 2024.  The court found probable cause for his arrest as to the charges for simple burglary (La. R.S. 14:62), simple arson (La. R.S. 14:52), and simple criminal damage to property (La. R.S. 14:56).  On August 22, 2024, A.B. was petitioned with one count of simple arson and one count of simple burglary.  A.B. appeared for an answer hearing, pleading not guilty to the charges.

An adjudication hearing was held on April 22, 2025.  The court heard testimony from investigating officer, Mercedes Limeaux ("Officer Limeaux"), and

---

[1] The juvenile, was 14 years old at the time of the hearing.  He is therefore referred to in this opinion by his initials.  *See* Rules 5-1 and 5-2 of the Uniform Rules-Courts of Appeal.

1

considered certain video evidence. Judgment was rendered on April 28, 2025, adjudicating A.B. delinquent of one count of simple arson and one count of simple burglary. In connection with the July 28, 2025 Disposition Hearing, Judgment was rendered on July 29, 2025, placing A.B. on active probation for twelve (12) months under the supervision of the Office of Juvenile Justice, subject to certain general and special conditions.

**DISCUSSION**

On appeal, A.B. asserts the following assignments of error: 1) whether evidence of A.B.'s mere presence at the scene of the alleged burglary and arson is sufficient to sustain an adjudication; 2) whether A.B.'s rights as secured by the Confrontation Clause were violated by the presentation of testimonial hearsay statements by an uncalled and unnamed third-party witness; and 3) whether surveillance footage was improperly admitted without proper authentication as required by La. C.E. art. 901.

In opposition, the State first raises two errors patent, namely: 1) the adjudication hearing was held beyond the expiration of the ninety-day time limitations period by which the State is required to bring the juvenile defendant not in continued custody to an adjudication hearing;[2] and 2) the juvenile court failed to sentence A.B. separately on both counts of simple burglary and simple arson. Additionally, the State asserts that the evidence presented was sufficient to adjudicate A.B. delinquent of the charged offenses.[3]

---

[2] The record reflects that A.B. never raised this issue below or in this appeal.
[3] For the reasons explained below, this argument is rendered moot.

***Sufficiency of Evidence***

It is well settled that "[w]hen issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence." *State in Interest of A.M.*, 2024-0699, p. 5 (La. App. 4 Cir. 3/17/25), 414 So.3d 839, 843 (citing *State v. Hearold*, 603 So.2d 731, 734 (La. 1992)). Therefore, we begin by addressing the issue of sufficiency of evidence.

La. C.C. art. 883 provides that, "[i]n order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition." As this Court held in *State in Interest of W.S.*, 2018-0070, p. 3 (La. App. 4 Cir. 7/5/18), 250 So.3d 1060, 1063:

> Although juvenile delinquency proceedings are not criminal in nature, due process requires that the State prove every element of the charged offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Due process also requires that the sufficiency of the evidence adduced at trial be reviewed under the well-settled standard announced in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

"Appellate courts review the sufficiency of evidence by determining whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that all of the elements of the offense had been proven beyond a reasonable doubt." *State v. Groves*, 2020-0450, p. 21 (La. App. 4 Cir. 6/10/21), 323 So.3d 957, 971 (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Tate*, 2001-1658, p. 4 (La. 5/20/03), 851 So.2d 921, 928).

Regarding circumstantial evidence, this Court has held:

> [W]hen circumstantial evidence forms the basis of [a] conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be

3

> inferred according to reason and common experience." *State in Interest of J.W.*, [20]12-0048, p. 8 (La. App. 4 Cir. 6/6/12), 95 So.3d 1181, 1186. However, we have also recognized that "the elements must be proven such that every reasonable hypothesis of innocence is excluded." *Id*.

*State in Interest of P.M.*, 2015-0834 (La. App. 4 Cir. 12/16/15), 186 So.3d 693, 696.

Pursuant to the above, we therefore review the record to ascertain whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found that the State proved beyond a reasonable doubt all of the elements of simple arson and simple burglary.

***Trial Testimony and Introduction of Evidence***

Officer Limeaux was the only witness called to testify before the trial court. She stated that on July 18, 2025, she responded to a call reporting that a group of juveniles entered into and damaged certain vacant units at an apartment complex. Officer Limeaux explained that the leasing agent/manager previously called to report the events on June 29, 2025, but officers were unable to contact her until July 18, 2025.

Upon arrival at the apartment complex, Officer Limeaux interviewed the manager[4] who reported that she reviewed a surveillance video from June 29, 2025, which showed A.B. (known to her as a resident of the complex) and other youths entering into some vacant units. She further relayed to Officer Limeaux that the units had been renovated and were move-in ready.

Counsel for A.B. objected to the manager's statements as hearsay. The State countered that the information was obtained by Officer Limeaux in the course of her investigation. The objection was overruled.

---

[4] The manager is unnamed in this record, and she was not called to testify.

The State also introduced Officer Limeaux's body camera footage, which captured her interaction with the manager as they viewed the June 29, 2025 surveillance video of the interior courtyard of the apartment complex. Officer Limeaux testified that she assisted the manager with getting to the date and time stamp of when the incident occurred. The surveillance video can be seen on Officer Limeaux's body camera footage.

Officer Limeaux testified that the surveillance video revealed approximately five youths, including A.B., congregating in the courtyard. The manager identified A.B. as a known resident of the apartment complex. The video also shows A.B. and the other youths entering one of the downstairs vacant units that sustained property damage. It does not show A.B. entering any of the other damaged units and it does not show the damage being sustained.

Counsel for A.B. objected to the surveillance video, asserting that it was not properly authenticated. The State countered, arguing that Officer Limeaux had personal knowledge of the surveillance video, having viewed it at the scene and actually captured it on her body camera footage. The exhibit was accepted over the objection.

Finally, the State introduced the body camera footage of Officer Limeaux and the manager walking through and examining the vandalized units. The footage reflects extensive damage including multiple holes in walls, doors and blinds ripped off, a small amount of fire damage, along with trash and mattresses left on the floor (evidencing the likelihood of squatters).

***Simple Arson***

Pursuant to La. R.S. 14:52:

A. Simple arson is either of the following:

5

(1) The intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner and except as provided in R.S. 14:51.

(2) The starting of a fire or causing an explosion while the offender is engaged in the perpetration or attempted perpetration of another felony offense even though the offender does not have the intent to start a fire or cause an explosion.

Simple arson is a general intent crime. *State v Martin*, 2024-0924, p. 6 (La. App. 5 Cir. 1/25/05), 895 So.2d 55, 59 (citing *State v. Simmons*, 443 So.2d 512, 521 (La.1983)). General criminal intent exists "when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La. R.S. 14:10(2).

### *Simple Burglary*

Simple burglary is "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein." La. R.S. 14:62(A). As this Court held in *State in Interest of J.P.*, 2019-0542, pp. 3-4 (La. App. 4 Cir. 9/25/19), 280 So.3d 245, 249:

> The intent required for simple burglary is "the specific intent to commit either a felony or a theft at the time of his unauthorized entry." *State v. Marcello*, 385 So.2d 244, 245 (La. 1980). Specific criminal intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. R.S. 14:10(1). Absent an admission by the defendant, specific intent "must necessarily be proven by inferences from surrounding facts and circumstances." *State v. Duncan*, 390 So.2d 859, 861 (La. 1980).

"Specific intent may be inferred from the circumstances of the crime and the Defendant's actions or activities." *State v. Robinson,* 2023-0058, p. 22 (La. App. 4

6

Cir. 9/4/24), 401 So.3d 809, 824-25 (quoting *State v. Smith*, 94-2588, p. 5 (La. App. 4 Cir. 3/27/96), 672 So. 2d 1034, 1037).

To reiterate, A.B. was adjudicated delinquent on one charge of simple arson and one charge of simple burglary. Based on our review of the record, we find that the State presented insufficient evidence to prove the charged offenses. Regarding simple arson, the State presented no evidence that the fire(s) were set on the *one* day that A.B. was seen going into a unit in which he did not reside. Likewise, there is insufficient evidence to show that A.B. entered the unit with the specific intent to commit a felony, which is part of the element of the crime of simple burglary.

The manager did not state specifically when the units were renovated and considered "move-in ready." She did not provide the date(s) when any of the damage actually occurred or when she first noticed the damage. It is undisputed that approximately nineteen days passed between the date of the surveillance video at issue here and the date when Officer Limeaux viewed the damage. Moreover, it does not appear that the manager identified (or that Officer Limeaux requested) any other surveillance videos that would have provided more information. These very pertinent facts could have been ascertained had the manager been called to testify.

Even viewing the evidence—direct and circumstantial—in the light most favorable to the State, we conclude that the State failed to prove the charged offenses.[5] However, as we recognized in *State in Interest of J.P.*, 2019-0542, 280 So.3d at 251, n. 3:

---

[5] Considering our finding that the State failed to present sufficient evidence to prove the elements of the charged offenses, we pretermit discussion of the remainder of A.B.'s assignments of error.

7

When the charged offense is among the crimes for which lesser included offenses are statutorily enumerated in La. C.Cr.P. art. 814, an appellate court has the authority to enter a conviction for the next highest offense supported by the evidence. La. C.Cr.P. art. 821(E); *see also State v. Higgins*, [20]03-1980 (La. 4/1/05), 898 So.2d 1219, 1232 (observing that, "under *State v. Byrd*, 385 So.2d 248 (La. 1980), and La. Code Crim. Proc. art. 821(E), discharge of the defendant is neither necessary nor proper when the evidence presented at trial does not support the verdict returned but does support a responsive verdict or lesser included grade of the offense"). This exception has been applied in juvenile delinquency proceedings. *See, e.g., State in Interest of Pigott*, 413 So.2d 659, 663 (La. App. 1st Cir. 1982) (finding "no reason why the rationale and justification used in *Byrd* should not apply to juvenile cases on appeal").

Pursuant to La. C.Cr.P. art. 814(A)(38), the responsive verdicts for simple arson are: guilty of simple arson where the damage done amounted to five hundred dollars or more; guilty of simple arson where the damage done amounted to less than five hundred dollars; and not guilty. Because we find that the State failed to present any evidence to connect A.B. to the fire damage, the only available responsive verdict on the charge of simple arson in this instance is not guilty.

Regarding simple burglary, La. C.Cr.P. art 814(A)(50) sets forth the following responsive verdicts: guilty of attempted simple burglary; guilty of unauthorized entry of a place of business; guilty of attempted unauthorized entry of a place of business; and not guilty.

Here, the surveillance video clearly shows A.B. entering one of the vacant units in question. The manager identified A.B. as a known resident of the apartment complex and confirmed that the entry into that unit was unauthorized. Additionally, we note that this assertion is undisputed by A.B.'s counsel. In sum, although we find insufficient evidence for the charge of simple burglary, we find that the State did offer sufficient evidence to support a conviction for the lesser and included offense of unauthorized entry of a place of business.

**CONCLUSION**

For the foregoing reasons, we vacate A.B.'s adjudication of delinquency for simple arson, finding insufficient evidence for the charge or any of the responsive verdicts set forth in La. C.Cr.P. art. 814(A)(38). We vacate the adjudication of delinquency for simple burglary, and enter an adjudication of delinquency for unauthorized entry of a place of business. We remand to the juvenile court for proper disposition on that offense.

**REVERSED AND MODIFIED; REMANDED**