GULOTTA, Judge.
Defendant was convicted of simple burglary, LSA-R.S. 14:62, and sentenced to four years at hard labor, with credit for time served, in the Department of Corrections. In his only assignment of error, defendant requests review for errors patent. We find none.
*1239 Although not assigned as error, we have reviewed the sufficiency of evidence to support defendant’s conviction. State v. Raymo, 419 So.2d 858 (La.1982). To support simple burglary, the State must prove defendant committed “the unauthorized entering of any dwelling, ... or other structure, movable or immovable, with the intent to commit a felony or any theft therein

In the instant case, the premises of Waterman’s Equipment Company were broken into, and some equipment stolen, including adding machines, a blender, a bushing machine and tools. This property was retrieved from a sack defendant was carrying at the time of his arrest, and was identified by the Waterman’s first vice president as the stolen equipment.
Defendant testified he had neither broken into Waterman’s nor had known of the break-in, but was returning from work that evening when he had bought the property from two men in a parked car near Waterman’s. The arresting officers testified that upon reaching the scene of the break-in, about five minutes after they had received the call, they saw defendant walking “halfway down the block” and carrying a sack. After the officers parked their car and shouted at him to stop, defendant initially made a motion to run, but then followed their instructions. The officers searched defendant and found the equipment in the sheet he was carrying.
Although there was no direct evidence of an “unauthorized entering” by this defendant, the circumstantial evidence sufficiently excludes every reasonable hypothesis of innocence. See LSA-R.S. 15:438. Our case is factually similar to State v. Herron, 301 So.2d 312 (La.1974) and State v. Johnson, 310 So.2d 600 (La.1975). Accordingly, we conclude that the evidence was sufficient to find defendant guilty beyond a reasonable doubt of the offense of simple burglary. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984).
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.