ROLAND L. BELSOME, Judge.
_jjln this criminal appeal, the defendant challenges his conviction and sentence for issuing a worthless check in excess of fifteen hundred dollars. For the following reasons, we reverse.

STATEMENT OF THE CASE

The defendant, Zuhair Hamed, was charged by bill of information with one count of issuing a worthless check in the amount of five hundred dollars or more. The bill was later amended to indicate that the worthless check was in the amount of fifteen hundred dollars or more.
The defendant pled not guilty at arraignment. After a motions hearing, the trial court found no probable cause to substantiate the charges. The defendant subsequently waived his right to a jury trial, and elected to proceed with a bench trial. At the conclusion of trial, the trial court found the defendant guilty as charged. The trial court denied all post-verdict motions and the defendant was sentenced to four years in the Department of Corrections, suspended, with four years of active probation, as well as a $1,000.00 fine, court costs,[1] and restitution |2costs. After a hearing, the magistrate court ordered Defendant to pay $13,626.08 in restitution.[2] This appeal followed.

FACTS

On September 18, 2007, Little Castro, L.L.C. (doing business as Discount City) entered into a credit sales agreement with fuel supplier, Ballard Petroleum, Inc. Ballard Petroleum agreed to provide fuel and Discount City would pay the obligation within ten days from the date of the invoice or next load. Ameer Hamed, the defendant’s son, personally guaranteed *1193 payment on behalf of his establishment, Discount City. The defendant was listed as a contact on the credit application filed by his son.
During October of 2007, Ballard Petroleum made six fuel deliveries in a twelve-day period. However, the checks for those deliveries totaling approximately $126,000 were returned for nonsufficient funds (NSF). On November 1, 2007, the defendant rode with Mr. Jim Ballard, the owner of Ballard Petroleum, to the bank, where he issued him a cashier’s check in the amount of $126,061.30 to cover the returned checks. On the next day, another NSF check in the amount of $20,597.08[3] was returned to Ballard Petroleum. The check, dated October 26, 2007, was for a fuel delivery on October 16, 2007. The defendant was not a member of Silwady’s Group L.L.C., the listed account holder on the check. Also, he was not a member of Little Castro, L.L.C. (Discount City). Thus, he was acting as an agent for these businesses.
lain an effort to resolve the matter, Mr. Ballard made several attempts to contact the defendant, but he was unable to reach him.[4] On November 6, 2007, pursuant to instruction from the Worthless Check Division of the District Attorney’s office, Ballard Petroleum sent a certified letter notifying Discount City of the dishonored check. In response to the letter, the defendant acknowledged the debt and advised Mr. Ballard that he would reimburse him.[5] By April of 2009, after the District Attorney’s office became involved, the defendant paid $7,000.00 towards the bal-anee. There were no additional payments made, and charges were eventually filed against the defendant in October of 2011.

DISCUSSION

The defendant first argues that the evidence was insufficient for a rational trier of fact to find that the elements of the crime of issuing worthless checks were proven beyond a reasonable doubt.
When reviewing the sufficiency of the evidence to support a conviction, this court is controlled by the standard set forth by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which dictates that to affirm a conviction “the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Captville, 448 So.2d 676, 678 (La.1984).
|4In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372, 378 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty *1194 beyond a reasonable doubt. State v. Wright, 445 So.2d 1198, 1201 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817, 821 (La.1987).
The court in State v. Mosby, 42,519, pp. 1-2 (La.App. 2 Cir. 5/18/07), 956 So.2d 843, 845, recognized the elements required to convict a defendant for issuing a worthless check as follows:
Under La. R.S. 14:71, to obtain a conviction for issuing of a worthless check the state is required to prove beyond a reasonable doubt that: (1) defendant issued, in exchange for anything of value, whether the exchange is contemporaneous or not; (2) a check, draft or order for the payment of money upon any bank or other depository; (3) knowing at the time of the issuing that the account on which drawn has insufficient funds with the financial institution on which the check is drawn to have the instrument paid in full on presentation; and (4) the instrument was issued with intent to defraud.
The proper inquiry under La. R.S. 14:71 (A) is whether a defendant knew that he had not sufficient credit with the bank, not whether his actual monetary balance was sufficient to cover a check, draft or order for payment issued by him. State v. Davis, 48,777, p. 10 (La.App. 2 Cir. 2/26/14), 134 So.3d 1257,1264.
In this case, the knowledge element is lacking. The State points to two facts to support its argument that the knowledge element was met: 1) the multitude of LNSF checks written to the victim before and after the date of the check at issue; and 2) the defendant’s acknowledgment that he owed the debt and would reimburse Ballard Petroleum.
First, there is no evidence in the record that the defendant knew there were insufficient funds in the bank on August 26, 2007. While Mr. Ballard testified that he went to the bank with the defendant, who issued him a cashier’s check for the returned checks on November 1, 2007; this took place after the checks had already been written. Thus, it does not serve to establish that the defendant had knowledge of the insufficient funds at the time the checks were written. Likewise, the defendant’s acknowledgement of the debt after he received the certified letter does not prove the defendant’s knowledge at the time the check was issued.
In Davis, supra, the Second Circuit found that the State failed to prove that the defendant knew that he did not have sufficient credit with his banking institution to cover payment of markers he signed to obtain gambling credit at a casino. There the court focused on the State’s failure to establish there were insufficient funds in the defendant’s bank account, as well as, the defendant’s knowledge of the lack of funds on the day in question. Id., 48,777 at 12-13,134 So.3d at 1264-65.
Unlike in Davis, this was not the defendant’s personal (or business) account. Significantly, the account holder, here, was Silwady’s Group, a limited liability company that was not owned by the defendant. Thus, it is reasonable to conclude that the defendant was merely an agent, who was directed to write checks without knowledge of the status of the account. The fact that he continually attempted to reimburse Ballard Petroleum supports this conclusion. Under these circumstances, | ^presenting account records alone is insufficient to prove the defendant’s knowledge.
The record fails to provide sufficient evidence for a rational trier of fact to conclude that defendant had the knowledge that Silwady Group did not have sufficient funds with the bank for payment of the check when he signed it. Jackson v. *1195 Virginia, supra. Accordingly, we find that the evidence was legally insufficient to convict the defendant of issuing worthless checks. In light of this conclusion, we pretermit any discussion of the defendant’s remaining assignments of error.
For these reasons, we reverse the defendant’s conviction and sentence.
REVERSED.
LOBRANO, J., dissents with reasons.

. The minute entry indicates that the $1,000.00 was to be paid to the judicial expense fund and that defendant was assessed with $191.50 in court costs.

. A review of the restitution hearing transcript evidences that counsel for the defendant requested a stay, which the trial court indicated it would grant.

.The check, dated October 26, 2007, was for a fuel delivery on October 16, 2007. The defendant was not a member of Silwady’s Group L.L.C., the listed account holder on the check. Also, he was not a member of Little Castro, L.L.C. (Discount City). Thus, he was acting as an agent for these businesses.

. Mr. Ballard testified that the defendant avoided his phone calls and personal visits to Discount City.

. In particular, Mr. Ballard testified that in response to the letter the defendant "said he would pay he would pay. That he was guilty of that, yes, he understood he owed me the NSF.”