DANIEL L. DYSART, Judge.
P.M., a juvenile, appeals the judgment of the juvenile court which adjudicated him delinquent of the offense of burglary. For the following reasons, we reverse.
FACTUAL AND PROCEDURAL BACKGROUND
Chi Nguyen and Minh Nguyen, husband and wife, are the owners of 'a food truck which they operate only on Saturdays, generally selling candy and po-boys to students from a nearby school. When. not. in use, the food truck is parked in the parking lot next to her home. In the early morning hours of April 18, 2015, around 5:00 a.m., Ms. Nguyen heard a noise, looked out her window and observed a person wearing a hooded jacket. It was stijl dark outside, and while she could not see the . person’s face, she was able to describe a “young boy, skinny.’’[1] When she then pounded on the door of her home, he “ran to the back.”
Ms. Nguyen called the police and when an officer arrived, they entered the food truck. The food truck was “a mess” and Ms. Nguyen discovered that candy and money which had been stored in a jar, were missing. She could not recall the total amount of the coins that were missing but estimated that $25.00 in dollar bills had been taken.
According to her husband, Minh Nguyen, two days after the incident, P.M.’s parent came to his house to return the items taken from the food truck. However, because a police report had already been prepared following the incident, Mr. Nguyen directed the parent to take the items to the Seventh District Police Station. Thereafter, Mr. Nguyen received a phone call from a police officer advising that those items had been returned and he was advised to retrieve them from the police station. Included among those items was candy (only a partial amount of that taken from the food truck) and coins totaling approximately $35.00.
Detective Perrin Gaines, who investigated the incident, testified that P.M.’s mother brought a "plastic bag of money and a big bag of candy.” He interviewed P.M.’s mother and father and, based upon that interview, obtained an arrest warrant for P.M. Although the timing is unclear, Detective Gaines, also interviewed P.M.[2] Ac *695 cording to Detective Gaines, P.M. advised that he received the candy from someone else, and while he provided a first name, he was unable to provide a last name or an address for that person.
Thereafter, on May 22,' 2015, a Petition was filed in the Juvenile Court for the Parish of Orleans, seeking to have P.M. adjudicated delinquent for having violated La. R.S. 14:62, simple burglary. More particularly, the Petition alleges' that P.M. “enter[ed][a] Chevrolet van belonging to C.N. without authorization, with the' intent to commit a theft or felony therein on April 18, 2015 at approximately 5:50 a.m. in the 13000 block of Tudo. Drive in the Parish of Orleans.”
After a trial on June 18, 2015, the juvenile court found P.M. guilty of the charge of simple burglary ‘ and adjudicated him delinquent. By judgment dated June 18, 2015, P.M. was committed to the Department of Public Safety and Corrections for a period not to exceed twenty-five days, with credit for time served. P.M. was also ordered to perform 15 hours of community service and make monetary restitution of $25.00 by June 27,2015.
This appeal followed;
DISCUSSION
In his sole assignment of error, P.M. maintains that the juvenile court erred in adjudicating him delinquent as the evidence was legally and factually Insufficient to sustain the guilty verdict. We agree.
Louisiana Children’s Code article 883 provides that, “[i]n order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition.” The United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) set forth the constitutional standard for testing the sufficiency of evidence “which dictates that to affirm a conviction ‘the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.’ ” State v. Hamed, 13-1655, p. 3 (La.App. 4 Cir. 8/13/14), 147 So.3d 1191, 1193 citing State v. Captville, 448 So.2d 676, 678 (La. 1984). It is well-settled that the “State’s burden of proof in a juvenile delinquency proceeding is ‘no less strenuous then the standard of proof required in a criminal proceeding against an adult.’” State ex rel T.C., 09-1669 (La.App. 4 Cir. 2/16/11), 60 So.3d 1260, 1262, quoting State in the Interest of G.M., 617 So.2d 219, 221 (La. App. 5th Cir.1993); State in the Interest of A.G., 630 So.2d 909; 910 (La.App. 4th Cir. 1993).
P.M. was charged with the offense of simple burglary, defined by La. R.S. 14:62 as “the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein.” La. R.S.14:62 A. In order to obtain a conviction for simple burglary, the State must prove that a person “entered a structure, either movable or immovable, without authorization, and [with] the intent to commit a felony pr theft therein.” State in Interest of S.L., 11-883, p, 10 (La.App. 5 Cir. 4/24/12), 94 So.3d 822, 832, citing La. R.S. 14:62; State v. Vortisch, 00-67 (La.App. 5 Cir. 5/30/00), 763 So.2d 765, 768. As this Court explained, “[t]he ‘entry element of the crime of simple burglary is proved when there is evidence that any part of the defendant’s person intrudes, even momentarily, into the vehicle.” State ex rel. J.N., 07-1229, p. 8 (La.App. 4 Cir. 5/7/08), 984 So.2d 910, 915, citing State v. Smith, 02-1018 (La. App. 5 Cir. 3/11/03), 844 So.2d 119, 125. *696 The crime of simple burglary, however, does not. require proof of possession of stolen goods. Id.
In addition to proving all of the elements'of simple burglary,' the State is required to also prove the identity of perpetrator. State in Interest of K.D., 13-1274 (La.App. 4 Cir. 4/9/14), 140 So.3d 182, 186, quoting State in the Interest of S.L., 11-883, p. 10, 94 So.3d at 832.
We note, too, that our jurisprudence reflects that “when circumstantial evidence forms the basis of [a] conviction, such evidence must consist of proof of collateral facts and circumstances from which the, existence of the main fact may be inferred according to reason and common experience.” State in Interest of J.W., 12-0048, p. 8 (La.App. 4 Cir. 6/6/12), 95 So.3d 1181, 1186. However, we have also recognized that “the elements must be proven such that every reasonable hypothesis of innocence is excluded.” Id.
In 'the instant matter, to prove its case, the State called the victims, Chi Nguyen and Minh Nguyen,[3] both of whom testified that' items in their food truck (candy and money) were missing as of April 15,2015." Both likewise testified that some of these items were returned to them from a parent of P.M.[4] However, neither saw P.M. enter the food truck and while Ms. Nguyen saw the “shadow’* of a person that morning,' she was unable to describe him, other than to assume' it was a young person wearing a hooded jacket.
The State also called P.M.’s mother, T.S., who testified that she “turned him in” after she “found out what he did.”[5] However, when questioned as to what P.M. had “done,” T.S. began to testify <that “[i]t was brought to [her] attention that he had....” At that time, an objection was raised and sustained and T.S.’s answer was never .completed. Rather, T.S. simply indicated that she had a conversation with the police about [s]ome objects [that] were found in [P.M.’s] room, a room she indicated he shared with his brother. According to T.S., P.M. advised her that someone had given him the candy.
T.S. then destroyed the candy found in the room, believing that that was the entirety of the candy. However, a couple of days later, when P.M. was off to school, she noted that he was acting suspiciously and was wearing a heavy jacket although it was a warm day. She checked his bag and discovered more candy and “[a] lot of change, bulk change, like thirty-forty dollars, maybe a little more.” She returned to P.M.’s room and searched it, discovering more bags, of candy, which she bagged and brought-to the Nguyens’ home and then to the police station.
When questioned as to whether P.M. indicated that he had. burglarized a vehicle, T.S. twice testified that he had not. To the contrary, P.M. advised that he had Obtained the candy from someone else.
The State also called Detective Gaines at trial. Detective Gaines interviewed P.M. and confirmed that P.M. advised him, too, that someone had given him the candy.
Thus, although the record reflects that P.M. may have had in his possession candy *697 and money taken from the Nguyens’ food truck, the record is devoid of any evidence that P.M. committed the offense of simple burglary. While one reasonable inference from P.M.’s possession of the items from the food truck is that P.M. necessarily entered the food truck without authorization, an inference is insufficient to meet the State’s burden of proof — that, beyond a reasonable doubt, P.M. committed the offense of simple burglary. Likewise, an inference does not exclude every other reasonable hypothesis of innocence. For example, P.M.’s explanation that the items from the food truck were given to him by someone else is an equally reasonable conclusion as to how he came into their possession. Again, P.M. was not charged with the illegal possession of stolen things;[6] he was charged with simple burglary, which requires the showing of an “unauthorized entering of any ... vehicle.... ” The State failed to make such a showing.
Accordingly, even after viewing the evidence in the light most favorable to the State, we do not find that a rational trier of fact could- have found beyond a reasonable doubt that P.M, committed the offense of simpleburglary.
CONCLUSION
Based on the foregoing, we reverse the juvenile court’s judgment adjudicating P.M. delinquent for the crime of simple burglary.
REVERSED
BELSOME, J.,- dissents with reasons.
BELSOME, J., dissents with reasons.
I respectfully dissent from the majority’s conclusion. As the majority recognized, “when circumstantial evidence forms the basis of conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience.” State in the interest of J.W., 12-0048, p. 8 (La.App. 4 Cir. 6/6/12), 95 So.3d 1181, 1186.
Here, the evidence indicates that Mrs. Nguyen saw a person outside of her food truck and subsequently discovered that the truck had been burglarized. Shortly thereafter, the appellant was found in possession of the items taken, candy and .approximately $35.in change. The appellant claimed to have been given the candy and change by someone he was only able to identify with a first name, a name that his mother testified was unfamiliar to her. I find the appellant’s explanation to be implausible. The facts and circumstances of this case support the inference that P.M. entered the food truck and removed the items that were later found in his possession.
Applying the Jackson standard to this case, the State clearly met their burden of proof.[1] Therefore I would affirm the adjudication for simple burglary.

. On cross-examination, Ms. Nguyen admitted that she assumed that the person was a young person.

. It appears that this interview took place prior to P.M.’s arrest as Detective Gaines testified that P.M. came to the station with his mother.

. Both Mr. and Mrs. Nguyen testified through a translator.

. As indicated, Mr. Nguyen testified that a parent brought the items back to his home and he directed her to bring it to the police station given that the incident had already been reported to the police.

.Because of the juvenile nature of this matter and in order to protect the privacy of the parties, the initials of the parties are used in lieu of their full pames.

. Illegal possession of stolen things is not a responsive verdict to simple burglary. La. C.Cr.P. art. 814 A(42).

. Jackson v. Virginia, 443 U.S. 307,-99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)(viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt)