NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA IN      *      NO. 2019-CA-0842
THE INTEREST OF L.R.

                        *

                        COURT OF APPEAL

                        *

                        FOURTH CIRCUIT

                        *

                        STATE OF LOUISIANA

           * * * * * * *

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2018-250-07-DQ-C, SECTION "C"
Honorable Candice Bates Anderson, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Edwin A. Lombard, Judge
Rosemary Ledet, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

**LOMBARD, J., CONCURS WITH REASONS**
**LEDET, J., DISSENTS WITH REASONS**

Leon Cannizzaro
DISTRICT ATTORNEY, ORLEANS PARISH
Donna Andrieu
DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

Nikisha Utilda Roberts
DISTRICT ATTORNEY'S OFFICE, ORLEANS PARISH
JUVENILE DIVISION
1100-B Milton Street
New Orleans, LA 70122

       COUNSEL FOR THE STATE/APPELLEE

Katherine M. Franks
LOUISIANA APPELLATE PROJECT
P.O. Box 220
Madisonville, LA 70447

       COUNSEL FOR DEFENDANT/APPELLANT

Tenee Felix
LOUISIANA CENTER FOR CHILDREN'S RIGHTS
1100-B Milton Street
New Orleans, LA 70122

**ADJUDICATIONS REVERSED;
DISPOSITIONS VACATED;
DELINQUENCY  PETITION
DISMISSED WITH PREJUDICE.**

**December 13, 2019**

The State filed a delinquency petition charging L.R.,[1] a juvenile, with having committed, on August 15, 2018, illegal possession of stolen things—a cell phone—with a value less than one thousand dollars (La. R.S. 14:69) and simple burglary (La. R.S. 14:62).[2] L.R. entered a denial to the petition.[3] On May 7, 2019, an adjudication hearing was held, and the juvenile court judge adjudicated L.R. delinquent as to both offenses charged in the petition. A disposition hearing was held on August 27, 2019, at which the juvenile court judge imposed a disposition of six months on each count and ordered the dispositions to run concurrent to each other and any other disposition.[4] The juvenile court judge recommended L.R. be held in secure care custody. In this timely appeal that follows, L.R. asserts that there was insufficient evidence to convict him of illegal possession of stolen things and simple burglary.

---

[1] Pursuant to Uniform Rules—Courts of Appeal, Rules 5–1 and 5–2, the initials of the juvenile involved in this matter will be used instead of his name.

[2] The petition was filed in September 2019.

[3] L.R. entered a denial to the petition on November 13, 2018.

[4] An order was issued whereby this Court took judicial notice that the transcript of the disposition hearing was contained in case number 2019-CA-0843 which is pending in this Court.

For the reasons set forth below, we reverse L.R.'s adjudications, vacate his dispositions, and dismiss the delinquency petition with prejudice.

## STATEMENT OF FACTS

At the adjudication, three witnesses testified: Mr. Crawford, Officer Daniel Berrinccha, and Officer Andrew Whitaker.

*Mr. Crawford*

The victims, Mr. Crawford and his wife, Mrs. Crawford, along with their children, resided in a home on Annunciation Street in New Orleans, Louisiana. Mr. Crawford recalled that he and his wife went on a date the night of August 15, 2018. A sitter was keeping the children at the Crawfords' home. When the Crawfords arrived at their home, they parked their vehicle in front of the house and went inside. Mr. Crawford testified that after his wife paid the sitter, she returned to the vehicle to give the sitter a ride home. Mr. Crawford estimated several minutes passed between the time the Crawfords exited the vehicle, and Mrs. Crawford returned to the vehicle. According to Mr. Crawford, when Mrs. Crawford returned to the vehicle, she saw a group of kids running away with her handbag that she left in the unlocked vehicle. Mr. Crawford testified that in addition to Mrs. Crawford's handbag, other items were taken from the vehicle as well—a wallet with credit cards and cash, a pair of binoculars, and other miscellaneous items. In addition, Mr. Crawford explained to the juvenile court judge by what means Mrs. Crawford notified him of the burglary, and he discussed that Mr. Crawford's cell phone was also missing from the vehicle:

> THE COURT:
>     How were you notified that the car had been burglarized?
>
> MR. CRAWFORD:
>     [Mrs. Crawford] ran into the house.

THE COURT:
. . . And at that time, did you go back outside?

MR. CRAWFORD:
I did. I attempted to follow the group in my vehicle while she used my cell phone to call the police.

THE COURT:
Okay, so at that time, you realized that her cell phone was also missing?

MR. CRAWFORD:
Yes. And I believe I might have failed to list that in the items taken, but her cell phone was missing.

Mr. Crawford recalled that when he returned home from attempting to follow the group, the first responding officer had arrived, and he was taking Mrs. Crawford's statement.

Mr. Crawford testified that all the stolen items were returned except for the handbag.

*Officer Berrinccha*

Officer Berrinccha, employed by the New Orleans Police Department (NOPD), testified he responded to the Crawfords' home on the night of the incident. He explained he was in the area and estimated he arrived at the Crawfords' home less than two minutes after Mrs. Crawford called NOPD. At the Crawfords' home, Office Berrinccha observed "[t]here was a vehicle that had been allegedly broken into, property was stolen . . . ."

The State asked Officer Berrinccha whether Mr. Crawford gave the juvenile or anyone else permission to enter the vehicle that night. The defense objected on the grounds of lack of foundation and hearsay. The juvenile court judge acknowledged it was hearsay and stated "based on [Mr. Crawford's] testimony we

4

can inference [sic] it [no permission to enter the vehicle] to the Court in which [Mr. Crawford] stated that his vehicle was entered into and that items were taken."

Officer Berrinccha stated that Mrs. Crawford gave him a description of what happened and he dispatched the information to NOPD. Officer Berrinccha testified that a NOPD task force unit apprehended L.R. a few blocks away from the Crawfords' home; he estimated it was five minutes between the time he dispatched the information and the task force unit apprehending L.R. Officer Berrinccha declared that he left the Crawfords' home and proceeded to the location where L.R. was apprehended. He recalled that several of the stolen items reported by Mrs. Crawford were found thrown in bushes and in the street in the area near the Crawfords' home. In addition, Officer Berrinccha explained that when he arrived at the location of the apprehension, L.R. was there:

> BY [THE STATE]:
> Q Officer, were you involved in identifying [L.R.]?
>
> * * *
>
> A I know him as the individual in possession of that cell phone.
>
> [BY THE STATE:]
> Q Okay. You saw him on scene, was he on scene when you were on scene?
>
> A Of the apprehension, yes.

Officer Berrinccha identified L.R. in court.

On cross-examination, Officer Berrinccha admitted that when he arrived at the location where L.R. was apprehended, he did not see the cell phone in L.R.'s possession, and he did not see the cell phone recovered from L.R.

> [BY DEFENSE:]
> Q When you arrived at the area where he was detained, a cell phone was not in his possession at that time? Some officers had a cell phone in possession?

A Right.

Q You didn't see a cell phone recovered from him?

A No, not in that moment.

*Officer Whitaker*

Officer Whitaker, employed by the NOPD, testified that when he arrived at the location where L.R. was apprehended, L.R. was in a police vehicle. Officer Whitaker stated that "there were several officers on the scene . . . Officer Berrinccha handed me a cell phone." Officer Whitaker determined the cell phone belonged to Mrs. Crawford. In addition, Officer Whitaker stated that at the location of the apprehension, another suspect was detained. He explained this suspect was not detained for the burglary, and he "believed" the other suspect was detained due to an outstanding warrant.

## ERRORS PATENT

This Court has adopted a practice of conducting an errors patent review in juvenile delinquency cases. *State in Interest of W.B.*, 16-0642, p. 4 (La. App. 4 Cir. 12/7/16), 206 So.3d 974. A review of the record reveals no errors patent.[5]

## DISCUSSION

L.R. asserts that the evidence presented by the State was insufficient to establish either of the offenses charged in the delinquency petition beyond a reasonable doubt. L.R. argues that the State failed to offer direct evidence that

---

[5] We note it does not appear that the juvenile court judge advised L.R. of the time period to file post-conviction relief under La. C.Cr.P. art. 930.8 which requires the trial court to inform a defendant of the delays for filing post-conviction relief; however, this language is merely precatory and does not bestow an enforceable right upon an individual defendant. *State ex rel. Glover v. State*, 93-2330, 94-2101, 94-2197, p. 21 (La. 9/5/95), 660 So.2d 1189, 1201; *State v. Handy,* 01-0005, p. 5 (La. App. 4 Cir. 1/24/01), 779 So.2d 103, 105. Nevertheless, in the interest of judicial economy, this Court hereby notifies L.R. that La. C.Cr.P. art. 930.8 generally requires that an application for post-conviction relief be filed within two years of the finality of the adjudication and disposition. *See* La. C.Cr.P. art. 930.8.

6

L.R. participated in the intrusion into the Crawford's vehicle or was in possession of the cell phone alleged to have been taken.[6]

As in a criminal proceeding against an adult, the State's burden of proof, in a juvenile delinquency proceeding, is to prove beyond a reasonable doubt every element of the offense alleged in the petition. *State in Interest of P.M.*, 15-0834 (La. App. 4 Cir. 12/16/15), 186 So.3d 693, 696. Direct or circumstantial evidence, or a mixture of both, viewed in the light most favorable to the prosecution, must be sufficient "to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt, in accord with *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)." *State in Interest of D.S.*, 11-416, p. 7 (La. App. 5 Cir. 12/28/11), 83 So.3d 1131, 1135 (citing *State ex rel. D.W.,* 09-855, pp. 5-6 (La. App. 5 Cir. 9/14/10), 47 So.3d 1048, 1053). "Circumstantial evidence is evidence of facts or circumstances from which one might infer or conclude the existence of other connected facts." *State v. Carter*, 99-2234, p. 31 (La. App. 4 Cir. 1/24/01), 779 So.2d 125, 144. When circumstantial evidence forms the basis of a conviction "'such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience,'" and "'the elements must be proven such that every reasonable hypothesis of innocence is excluded.'" *State in Interest of P.M.*, 186 So.3d at 696 (quoting *State in Interest of J.W.*, 12-0048, p. 8 (La. App. 4 Cir. 6/6/12), 95 So.3d 1181, 1186).

"Consistent with the understanding that juvenile delinquency proceedings are civil in nature, Louisiana courts review the sufficiency of the evidence in juvenile cases under a hybrid of the *Jackson* standard applied in criminal cases and

---

[6] The State's appellee brief was due on October 29, 2019, however, none was submitted.

7

the manifest-error standard applied in civil cases." *State in Interest of J.P.*, 19-0542, 2019 WL 4924297 at *2 (La. App. 4 Cir. 9/25/19)(citation omitted); *See also*, *State in Interest of T.S.*, 14-0403, p. 3 (La. App. 4 Cir. 9/3/14), 150 So.3d 18, 20 (wherein this Court explained that "[b]ecause juvenile proceedings are civil in nature, sufficiency of the evidence claims are reviewed under both the 'rational fact-finder' standard of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and the 'clearly wrong/manifest error' standard of *Rosell v. ESCO,* 549 So.2d 840, 844 (La.1989).").

After reviewing the record, the applicable jurisprudence, and applying the hybrid *Jackson* and manifest-error standards, we conclude that the juvenile court judge erred in finding that the State proved beyond a reasonable doubt that L.R. committed the offenses of illegal possession of stolen things with a value less than one thousand dollars and simply burglary.

*Illegal possession of stolen things (La. R.S. 14:69)*

Illegal possession of stolen things is codified in La. R.S. 14:69 and pertinently provides:

> A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
>
> * * *
>
> (4) When the value of the stolen things is less than one thousand dollars, the offender shall be imprisoned for not more than six months or may be fined not more than one thousand dollars, or both.

In order to adjudicate a juvenile as delinquent as to the offense of illegal possession of stolen things, the State must prove four elements: 1) the property was

8

stolen; 2) the property was of value; 3) the defendant knew or should have known that the property was stolen; and 4) the defendant intentionally possessed, procured, received or concealed the property. *State in Interest of J.W.*, 12-0048, p. 5, 95 So.3d at 1184 (citation omitted). "[T]he State need not prove actual possession of the stolen thing, but may prove constructive possession, which exists when the item is within the defendant's dominion or control." *State v. McCadney*, 98-3026, p. 5 (La. App. 4 Cir. 4/19/00), 761 So.2d 579, 583 (citations omitted). In addition, possession of stolen things is a general intent crime. *Id.* (citing *State v. Powell,* 98-0278, p. 11 (La. App. 4 Cir. 11/17/99), 746 So.2d 825, 831). "General intent is present when specific intent is present, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." *Id.*, 98-3026, pp. 5-6, 761 So.2d at 583 (citing La. R.S. 14:10(2)).

Regarding the first element, L.R. does not contest that the cell phone was stolen.

As to the second element—the property was of value—L.R. correctly points out that there was no testimony regarding the value of the cell phone. In *State v. Williams*, 610 So.2d 129, 130 (La. 1992), the Supreme Court explained that "La. Rev. Stat. 14:69 proscribes the intentional possessing, receiving, or concealing of 'anything of value'" and opined that the latter phrase "must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable. . . ." L.R. concedes that "it is not in dispute that the phone had some monetary value." Thus, we conclude the State met its burden of proof as to the second element.

L.R. does not challenge the third element—whether the defendant knew or should have known that the property was stolen—as L.R. asserts that the State failed to prove beyond a reasonable the fourth element: L.R. intentionally possessed, procured or received the cell phone. We agree.

Even viewing the evidence—direct and circumstantial—in the light most favorable to the State, we conclude that the State failed to prove L.R. possessed or constructively possessed Mrs. Crawford's cell phone. Neither Officer Berrinccha nor Office Whitaker testified as to: (1) their first-hand knowledge that L.R. possessed Mrs. Crawford's cell phone; (2) their direct knowledge that an officer at the apprehension location seized the cell phone from L.R; and (3) their direct knowledge of where the cell phone was recovered in relation to where L.R. was apprehended. Officer Berrinccha merely acknowledged that some officers at the apprehension location had a cell phone in their possession and that he did not see the cell phone recovered from L.R. Whereas, Officer Whitaker testified Officer Berrinccha handed him a cell phone. In addition, the State failed to exclude every other reasonable hypothesis of innocence. Mr. Crawford testified that his wife described the perpetrators as a group of kids fleeing. There was no testimony that officers found and/or detained a group of kids in the location where L.R. was apprehended. To the contrary, Officer Whitaker testified when he arrived at the apprehension location one other person was detained with L.R., and the other person was not a suspect in the burglary.

Applying the hybrid of the *Jackson* and the manifest-error standards, we conclude the evidence in this case does not exclude every reasonable hypothesis of innocence and the juvenile court judge erred in finding that the State proved

beyond a reasonable doubt that L.R. committed illegal possession of stolen things. This claim has merit.

*Simple burglary (La. R.S. 14:62)*

In order to obtain an adjudication of delinquent for the offense of simple burglary, the State must prove the juvenile entered the vehicle, without authorization, and with the intent to commit a felony or theft therein. *State in Interest of P.M.*, 186 So.3d at 695-96 (citations omitted). In addition to proving all of the elements of simple burglary, the State is required to prove the identity of perpetrator. *Id.*, 186 So.3d at 696 (citation omitted). An unexplained possession by a person of property stolen in a burglary does not create a presumption that the person was the burglar. *State v. Brown,* 445 So.2d 422, 423 (La. 1984). Circumstantial evidence, however, can be used to show that an unauthorized entry occurred. La. R.S. 15:438; *State v. Credit*, 455 So.2d 1238, 1239 (La. App. 4th Cir.1984)).[7] Moreover, the intent required for simply burglary is specific intent to commit either a felony or theft. *State in Interest of J.P.*, 19-0542 at *2. Specific criminal intent is "'that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.'" *Id.* (quoting La. R.S. 14:10(1)). "Absent an admission by the defendant, specific intent 'must necessarily be proven by inferences from surrounding facts and circumstances.'" *Id.* (quoting *State v. Duncan*, 390 So.2d 859, 861 (La. 1980)).

---

[7]"The 'entry' element of the crime of simple burglary is proved when there is evidence that any part of the defendant's person intrudes, even momentarily, into the vehicle." *State ex rel. J.N.*, 07-1229, p. 8 (La. App. 4 Cir. 5/7/08), 984 So.2d 910, 915 (citing *State v. Smith*, 02-1018 (La. App. 5 Cir. 3/11/03), 844 So.2d 119, 125).

11

L.R. does not contest that someone entered the Crawford's vehicle without permission and took Mrs. Crawford's items.  L.R. asserts that the State failed to prove that *he* entered the vehicle without permission with the intent to commit a felony or theft.  We agree. L.R. correctly points out that neither Mr. nor Mrs. Crawford observed him enter their vehicle, and that the NOPD did not examine the vehicle for fingerprints or DNA to establish that L.R. entered the vehicle. Furthermore, as discussed *supra*, the State failed to prove that L.R. was in possession of Mrs. Crawford's cell phone which was the only circumstantial evidence presented by the State to support the inference that L.R. entered the vehicle.[8]

Applying the hybrid of the *Jackson* and the manifest-error standards, we conclude the evidence does not exclude every reasonable hypothesis of innocence and the juvenile court judge erred in finding that the State proved beyond a reasonable doubt that L.R. committed simple burglary.  This claim has merit.

Because we conclude that the juvenile court judge erred in adjudicating L.R. delinquent of illegal possession of stolen things with a value less than one thousand dollars and simple burglary, we must determine if the evidence supports a responsive or lesser included grade of the offense.  *See State v. Higgins*, 03-1980, p. 18 (La. 4/1/05), 898 So.2d 1219, 1232 (citations omitted)(wherein the Supreme Court held that "under *State v. Byrd,* 385 So.2d 248 (La.1980), and La.Code Crim. Proc. art. 821(E), discharge of the defendant is neither necessary nor proper when

---

[8] Compare *State v. Williams*, 96-1276, p. 11 (La. App. 4 Cir. 4/9/97), 693 So.2d 204, 210, wherein the circumstantial evidence presented by the State of the defendant being stopped by an investigating officer within three blocks of where the vehicles were located, along with the defendant matching the description the officer had received and carrying the objects that the victims identified were taken stolen from the vehicles, supported the trier of fact reasonably concluding that the defendant was guilty of simple burglary of two vehicles.

the evidence presented at trial does not support the verdict returned but does support a responsive verdict or lesser included grade of the offense.");[9] *see also, State in Interest of Pigott*, 413 So.2d 659, 663 (La. App. 1st Cir. 1982)(wherein the appellate court held that "in the trial of a juvenile, the Louisiana Code of Criminal Procedure controls as concerns responsive verdicts" and found "no reason why the rationale and justification used in *Byrd* should not apply to juvenile cases on appeal."). There is no lesser included grade of the offense than illegal possession of stolen things with of value less than one thousand dollars. La. R.S. 14:69; La. C.Cr.P. art. 815.[10] Moreover, under La. C.Cr.P. art. 814, the only applicable responsive verdict, in this case, for the charge of simple burglary, is attempted simple burglary, which is not supported by the evidence.[11] Accordingly, L.R.'s adjudications for illegal possession of stolen things with a value less than

---

[9] La. C.Cr.P. art. 821(E) provides that "[i]f the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense."

[10] La. C.Cr.P. art. 815 provides:

> In all cases not provided in Article 814, the following verdicts are responsive:
> (1) Guilty;
> (2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
> (3) not guilty.

Although attempted illegal possession of stolen things may be a proper responsive verdict, we need not determine as the evidence is insufficient to support attempted illegal possession of stolen things even if proper.

[11] La. C.Cr.P. art. 814(50) provides:

> Simple Burglary:
> Guilty.
> Guilty of attempted simple burglary.
> Guilty of unauthorized entry of a place of business.
> Guilty of attempted unauthorized entry of a place of business.
> Not guilty.

one thousand dollars and simple burglary are reversed and his delinquency petition is dismissed with prejudice.

**CONCLUSION**

Based on the foregoing, we reverse the juvenile court judge's delinquency adjudications for illegal possession of stolen things with a value less than one thousand dollars and simple burglary; dismiss the delinquency petition against L.R. with prejudice; and vacate the dispositions.

**ADJUDICATIONS REVERSED;
DISPOSITIONS VACATED;
DELINQUENCY PETITION
DISMISSED WITH PREJUDICE.**